[Civ. No. 5073.   Second Appellate District, Division Two.—April 10, 1928.]

E. R. KETCHUM, Respondent, v. G. D. MASSA et al., Appellants.

Loucks & Phister and C. W. Pendleton for Appellants.

Thomas P. White and Vincent C. Hickson for Respondent.

STEPHENS, J., *pro tem.*—This is an action for property damages resulting from the collision of two autotrucks. The trial was before the court sitting without a jury, and plaintiff was awarded judgment. The defendant Frank Julio defaulted, and neither he nor Jane or John Doe are in this appeal. Motion for new trial was denied and the remaining defendants appeal, specifying three points.

Point 1: "Plaintiff's negligence was the approximate [proximate] cause of the accident." A heavy truck with trailer, belonging to plaintiff and being driven by him, was

proceeding northerly on a paved street. Another truck, belonging to defendants Massa and Memeghine, doing business as the Independent Fish Company, was being driven southerly for them on the same street. Defendants claim that plaintiff's truck was on the wrong side of the road and that defendants' truck was turned to the left, to avoid a head-on collision. Plaintiff claims that his truck was on its right side of the road and that defendants' truck cut in front, attempting to pass to the left. The right front of plaintiff's truck and the right rear wheel of defendants' truck came together. There was some evidence that certain places in the street, in the immediate vicinity of the accident, were dug up. There is also evidence that the tracks of plaintiff's truck showed this vehicle to have at all times been traveling on its right side of the street. This brings to light a decided conflict of testimony, and under the familiar rule this court cannot attempt to revalue the evidence. The determination of the trial court is final in the case.

Point 2: "Evidence of Intoxication." Evidence *pro* and *con* was received by the court as to whether or not the driver of defendants' truck was under the influence of intoxicating liquor. The determination of the trial court on this subject, like all other disputed points of fact, lies with the trial judge. Defendants further complain that the testimony was not admissible at all and that its admission was prejudicial; but the court had a right to know whether or not defendants' driver was intoxicated, in order properly to judge his testimony as to the cause of the accident. The evidence was properly admitted.

Point 3: "Findings not supported." We have already passed upon this subject under point 1 as to the cause of the accident. Defendants further complain that there is no evidence that the use of the truck was worth ten dollars per day for twenty days while it was being repaired, or that it was necessary to take twenty days in its repair. They further contend that the truck may have been just ready to re-enact the part of the deacon's one-horse shay, immortalized by Holmes. Suffice it to say that ample testimony is in the record to support every finding of the court, and the findings support the judgment.

Judgment affirmed.

Craig, Acting P. J., and Thompson, J., concurred.